IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| OTL MECHANICAL, INC., )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>K-CON, INC., )<br>)<br>    Defendant. ) | Civil Action No. 13-99 |

AMBROSE, Senior District Judge

### MEMORANDUM ORDER OF COURT

Plaintiff filed a Complaint asserting two claims: Breach of Contract and Debt. (ECF No. 1). Both claims arise out of a contract entered into between the parties. (ECF No. 1-2). Paragraph m of the contract states: Should either party take legal action arising from this contract, jurisdiction and venue for such action shall be in Charleston County, South Carolina." (ECF No. 1-2, p. 3). Based on the same, Defendant filed Motion to Dismiss or In the Alternative to Transfer Venue. (ECF No. 6). Plaintiff filed an Opposition thereto. (ECF No. 7). The issue is now ripe for review.

It is black letter law that forum selection clauses are entitled to great weight and should be enforced unless they are unreasonable. *Wall St. Aubrey Golf, LLC v Aubrey,* 189 F. App'x 82, 85 (3d Cir. 2006). "[T]to avoid the application of a valid forum selection clause, the resisting party must establish '(1) that it is the result of fraud or overreaching, (2) that enforcement would violate strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in a jurisdiction so seriously inconvenient as to be unreasonable.' *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3d Cir.1983), *overruled on other grounds by, Lauro Lines v. Chasser,* 490 U.S. 495 (1989); *see also MoneyGram Payment Sys. v. Consorcio Oriental, S.A.,* 65 F. App'x 844, 846 (3d Cir.2003) (same). The party opposing enforcement of a forum selection clause, however, bears a 'heavy

burden of proof.' *M/S Bremen,* 407 U.S. at 17, 19; *see also MoneyGram Payment Sys.,* 65 Fed. App'x at 84 8 (same)." *Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. 13-7318 JBS, 2015 WL 167378, at *4 (D.N.J. Jan. 13, 2015).

In this case, Plaintiff first argues that the forum selection clause is permissive rather than mandatory and as such this district court has jurisdiction and is a proper venue. (ECF No. 7). After a review of the contract, I disagree. The language of the contract is unambiguous, plain and clear. "Should either party take legal action arising from this contract, jurisdiction and venue for such action **_shall_** be in Charleston County, South Carolina." (ECF No. 1-2, p. 3). There is nothing permissive about the language. It is capable of only one construction. "[I]nclusion of the word 'shall' sufficiently evinces a forum selection clause's mandatory nature. *Asphalt Paving Sys., Inc.,* 2015 WL 167378, at *5. Based on said mandatory language, any and all actions arising out of the contract must be brought in Charleston County, South Carolina. (ECF No. 1-2, p.3)*.* There are no exceptions. Furthermore, Plaintiff does not argue that the contract or the forum selection clause was not freely and mutually agreed upon. Consequently, I find that the forum selection clause is mandatory.

In the alternative, Plaintiff argues if the forum selection clause is mandatory, then it is unreasonable under the circumstances to enforce and, for the convenience of the parties, the case should remain here. (ECF No. 7, pp. 7-8). "The presence of a valid, mandatory forum selection clause in this instance therefore radically alters the analytical framework applicable to [this issue]. Indeed, under *Atlantic Marine Construction Co. [v. U.S. Dist. Ct. for W. Dist. Of Tx.,* 134 S.Ct. 568, 582 (2013)]*,* the Court need only consider the public-interest factors. However, because such 'factors will rarely defeat a transfer motion,' the 'forum-selection clause should control except in unusual cases.' *Id."* *Asphalt Paving Sys., Inc.,* 2015 WL 167378, at *6. Plaintiff argues that a significant amount of construction work was performed in St. Croix, the site in St. Croix will need to be accessed and workers in St. Croix will need to be deposed. *Id.* Trying the case in South Carolina, Plaintiff summarily concludes, would be a waste of expense,

3

time and inconvenience, and would not be in the interest of justice. *Id.* at 7. I am not persuaded by this conclusory statement. The fact that part of the work was to be performed in St. Croix was evident to Plaintiff when it signed the contract. I do not find it to be significantly inconvenient so as to override the parties mutually agreed upon mandatory and enforceable forum selection clause. I further find that the weight of the public-interest factors is basically equal. Consequently, transfer to the courts of Charleston County, South Carolina is warranted.

THEREFORE, this 3rd day of February, 2015, it is ordered that Defendant's Motion to Dismiss (ECF No. 6) is granted with the alternative relief such that the within matter is to be transferred to the United States District Court governing Charleston County, South Carolina.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge